OPINION OF THE COURT
Albert J. Emanuelli, S.
Petitioner, the surviving spouse of decedent David 0. Dresser (decedent) and the executrix of his estate, has commenced a proceeding pursuant to Tax Law § 998 to review an estate tax deficiency assessed by the Commissioner of the New York State Department of Taxation and Finance (respondent).
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On May 31, 1991, decedent died in his garage as a result of carbon monoxide poisoning. On September 19, 1991, decedent’s will was admitted to probate, and letters testamentary were issued to petitioner.
Pursuant to Article first of his will, decedent bequeathed to petitioner all of his "tangible personal property”, and pursuant to Article third, he bequeathed to petitioner his entire residuary estate.
Article fifth (A) of decedent’s will provides, in pertinent part: "I hereby direct that all state, federal * * * estate or like taxes * * * arising from my death, whether attributable to property passing under this will, or otherwise, be paid out of my residuary with no right of reimbursement from the recipient of any property otherwise subject to such taxes”. (Emphasis added.)
According to petitioner, decedent was the owner/insured of a life insurance policy with a face value of $1 million (policy) issued by the Equitable Variable Life Insurance Company (Equitable) in January 1990. Initially, petitioner was named as sole beneficiary of said policy. However, approximately one month before his death, unbeknownst to petitioner, decedent changed the beneficiary designation of the policy in favor of Sandra M. Hardy (Hardy), a "friend” of decedent. Moreover, Equitable notified her that it was not going to pay out the policy proceeds until investigating whether decedent had committed suicide, an act which, under the circumstances, would *410 have relieved Equitable from its obligation to pay out the face amount of the policy.
On October 1, 1991, petitioner requested Equitable to withhold sufficient funds from the policy proceeds to offset any possible estate tax liability regarding said proceeds.
On February 10, 1992, petitioner filed a New York State estate tax return (ET-90), reporting a New York adjusted gross estate in the amount of $1,271,909, and a New York adjusted taxable estate in the amount of $17,428. Petitioner did not include the policy proceeds, due to the pending investigation regarding decedent’s death.
On March 4, 1992, petitioner informed Equitable that she was not going to apply for an estate tax waiver with respect to the policy proceeds and, again, advised Equitable to withhold sufficient funds to satisfy any estate tax liabilities regarding the proceeds.
Petitioner further alleges that: (i) on or about November 12, 1992, without her authorization, Hardy filed an amended ET-90 (Amended ET-90) and requested an estate tax waiver from respondent in connection with the policy proceeds; and (ii) at that time, Hardy’s attorneys, the firm of Summit, Solomon & Feldesman (Summit firm), represented to respondent that said firm was counsel for decedent’s estate.
On November 19, 1992, respondent issued an estate tax waiver to Hardy with respect to $800,000 of the policy proceeds.
Subsequently, on December 2, 1992, Equitable terminated its investigation of decedent’s possible suicide upon Hardy’s acceptance of $800,000 in full settlement of the policy proceeds. Equitable did not withhold any monies to offset any estate taxes due upon the $800,000 payment to Hardy.
On January 24, 1994, respondent issued a notice of deficiency to petitioner with respect to the original ET-90, seeking additional estate tax in the amount of $39,406.45, plus $8,085.76 in interest (Assessment).
On August 7, 1995, a conciliation conference was conducted pursuant to petitioner’s request for a redetermination of the Assessment. Despite respondent’s acknowledgment of Hardy’s purported misrepresentation regarding her status and her unauthorized amendment of the ET-90, on October 27, 1995, respondent issued a conciliation order denying petitioner’s request for a redetermination of the Assessment.
Respondent does not dispute any of the foregoing facts.
*411 THE INSTANT APPLICATION
In support of her petition, petitioner contends that respondent should be "equitably estopped” from imposing the Assessment against her, inasmuch as the deficiency would not have occurred but for respondent’s misfeasance, to wit: (i) respondent improperly granted an estate tax waiver to Hardy, who was ineligible to apply for such waiver under respondent’s own prescribed rules and regulations; (ii) under Tax Law § 975 (e) (1) (B), absent said waiver, Equitable could not have disposed of the proceeds unless it retained a sufficient portion thereof to pay any taxes and interest assessment upon said payment; and (iii) therefore, although Equitable should have withheld a sufficient portion of the proceeds to offset any estate tax liability, it did not do so solely due to respondent’s improper grant of the estate tax waiver to Hardy.
In this regard, petitioner alleges that respondent’s rules for obtaining an estate tax waiver are exemplified in respondent’s form N-91-15, which provides that where, as here, an estate tax waiver is sought more than nine months after the decedent’s death, the applicant for said waiver must submit, inter alia: (i) a "completed and signed” ET-90, signed, with the appropriate remittance due, (ii) a "certified copy of letters of appointment”, (iii) a "copy of death certificate”, and (iv) a "completed Form ET-99, Estate Tax Waiver Notice, for each asset” for which a waiver is sought. Petitioner contends that since Hardy was not the executrix, she had no standing to either file an ET-90 (see, e.g., Tax Law § 971) or apply for the tax waiver, and this court should estop respondent from imposing the Assessment.
In opposition, respondent contends that the issuance of the waiver to Hardy did not alter petitioner’s liability for additional estate tax, particularly since she can collect said taxes from Hardy pursuant to Tax Law §§ 971 and 975, to wit: (i) Tax Law § 971 (c) provides that any tax debt owed by the estate of a decedent shall "from the time is due and payable, be a personal debt of the person liable to pay the same”, and (ii) Tax Law § 975 (a) provides that it is the duty of the executrix to pay the estate tax and "charge the same against and collect it from the persons interested in the estate in accordance with the rules of apportionment of [EPTL 2-1.8]”.
Respondent also contends that, contrary to petitioner’s claims, no "prescribed rules and regulations” were violated, inasmuch as a death certificate and letters testamentary regarding decedent’s estate were already on file at the time *412 Hardy submitted the Amended ET-90 and her application for a tax waiver.
Respondent further contends that petitioner was aware that Hardy would receive the policy proceeds and that Equitable was not going to withhold funds for tax purposes. More particularly, respondent relies on a letter dated October 14, 1992 (October 1992 letter), in which petitioner’s attorney advised the Summit firm of the taxes owed upon the payment of the policy proceeds to Hardy and indicated that such monies had to be collected from Hardy. Additionally, respondent alleges that Hardy and petitioner agreed to create an escrow fund to cover the tax liabilities, and that the only reason petitioner now disputes respondent’s issuance of the tax waiver to Hardy is that Hardy apparently breached said agreement to petitioner’s detriment.
Respondent also claims that Equitable could not have withheld funds for taxes as petitioner requested, inasmuch as, pursuant to Tax Law § 975 (c) regarding the tax liability of life insurance beneficiaries, the rules of apportioning tax liability against nonspousal life insurance beneficiaries are inapplicable if "the decedent directs otherwise in his will”. In this regard, respondent contends that since Article fifth of the will clearly provides for the payment of all taxes from the residuary, even if the waiver had not been granted, the estate taxes attendant to the disposition of the policy proceeds are petitioner’s obligation.
Finally, respondent argues that, as a State agency, it should not be equitably estopped under these circumstances, especially since it was acting in its statutory capacity.
In reply, petitioner argues that the October 1992 letter should not be evaluated as evidence herein, inasmuch as its existence and terms were not previously raised in the pleadings. Furthermore, petitioner contends that the assertions made by respondent regarding the letter are inaccurate and unsupported, and, in any event, the purpose of the letter was to ensure that appropriate funds would be secured to pay any estate tax arising from payment of the policy’s proceeds, rather than to condone the issuance of a waiver to Hardy.
Also, while petitioner does not dispute either decedent’s intent that taxes be paid out of the residuary or the directives of EPTL 2-1.8 (a), she disclaims her liability for the Assessment, inasmuch as the residuary estate is insufficient to satisfy the additional estate tax liability.
In this regard, petitioner claims that since the payment of the policy’s proceeds to Hardy resulted in an additional *413 $87,451.70 in Federal estate taxes due and $39,406.45 in New York estate taxes due, both exclusive of interest, the decedent’s residuary estate, valued at approximately $45,067, is clearly insufficient to satisfy the obligation in question, particularly since the estate’s Federal estate tax obligation has priority over its New York estate tax obligation.
Furthermore, petitioner claims that estate taxes cannot be apportioned against her, since, pursuant to EPTL 2-1.8 (c), she has claimed a "marital deduction” as decedent’s surviving spouse.
Finally, in response to respondent’s claim that she must collect from Hardy any tax liability resulting from the payment of the policy’s proceeds pursuant to the appropriate provisions of the Tax Law and EPTL 2-1.8, petitioner cites Tax Law § 975 (f), which provides that "[i]f the tax imposed by this article is not paid when due, then the * * * transferee* * * or beneficiary, who receives, or has on the date of the decedent’s death, property included in the New York gross estate to the extent of the value, at the time of decedent’s death, of such property, shall be personally liable for such tax.” Thus, petitioner urges that, under the circumstances, this court should order respondent to collect the Assessment personally against Hardy, now a resident of California.
The parties have appeared before the court and have duly waived a hearing regarding this matter.
APPLICABLE LAW AND THE COURT’S CONCLUSIONS
In any proceeding brought before the Surrogate’s Court pursuant to Tax Law § 998, the burden of proof is on the petitioner except in the following circumstances, where the burden falls upon respondent: (i) whether petitioner has been guilty of fraud with intent to evade tax; (ii) whether petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax; (iii) whether petitioner is liable for any increase in a deficiency under the special proceeding, unless such increase is the result of Federal estate tax changes of which the respondent did not have notice when the notice of deficiency was mailed; and (iv) whether any person is liable for a penalty under Tax Law § 685 (k) or (r), as made applicable to any tax imposed under Tax Law § 990 (see, Tax Law § 998 [g]).
Additionally, pursuant to 20 NYCRR part 360, subtitled "Tax Waivers and Certain Other Notice Requirements”, section 360.6 (c) provides, in pertinent part:
"360.6 Payment of life insurance proceeds * * *
*414 "(c) Waivers of the State Tax Commission may be secured by insurance companies, representatives of estates or beneficiaries.
"(1) Applications for waivers shall, wherever possible, set forth the following information: name and address of the decedent-insured; name and address of the beneficiary; policy number; the amount of proceeds payable under each policy; name and address of the legal representative of the insured’s estate; and the county in which the estate is being administered. A copy of decedent’s death certificate must be submitted with the first request for waivers. Upon issuance of a waiver by the State Tax Commission, the proceeds may be paid forthwith to the beneficiary without the giving of notice of the withholding of tax.” (Emphasis added.)
Under the circumstances, contrary to petitioner’s contentions regarding the extent of respondent’s prescribed "rules and regulations” with respect to the obtaining of tax waivers in connection with the proceeds in question, and notwithstanding whether or not petitioner and Hardy had entered into any agreement regarding the payment of the taxes in question, the court finds that respondent did not violate the rules and regulations prescribed in 20 NYCRR 360.6 (c) regarding the issuance of the tax waivers when respondent issued said waiver to Hardy.
In this vein, petitioner’s reliance on the instructions set forth in form N-91-15 is misplaced, given the rules prescribed in 20 NYCRR part 360, the existence of which neither party presented to this court, and the absence of any requirement, including a specific instruction on form N-91-15, that the estate’s fiduciary be the applicant for said tax waiver.
Accordingly, the court is constrained to conclude that petitioner has failed to sustain her burden of proof warranting equitable estoppel regarding respondent’s assessment of the tax deficiency in question against petitioner, who, in this court’s estimation, remains liable for said deficiency pursuant to Tax Law § 975 (a) and (b), and must pursue the remedies attendant to Tax Law § 975 and EPTL 2-1.8, to the extent applicable and/or warranted, as against Hardy.
However, in light of the foregoing circumstances and in the interests of justice, as a legitimate "restriction” on the "assessment and collection of [said] deficiency” (see, Tax Law § 998 [i] [2]), the court hereby stays respondent from commencing a proceeding in this court against petitioner in order to compel her to collect said deficiency from Hardy for 180 days from the *415 date of the decree to be settled herein, in order to allow petitioner an adequate opportunity to pursue any appropriate action against Hardy in order to collect said deficiency.
In the event that petitioner fails to present to respondent within 180 days from the date of said decree some documentary indicia that she has taken such action against Hardy, the stay shall be vacated upon the expiration of the aforementioned 180-day period, without prejudice to petitioner to seek renewal of said stay.
In light of the foregoing conclusions, the court need not at this time assess the merit of the parties’ remaining contentions.